IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTERN ROOFING SYSTEMS, INC., | : |
| Plaintiff, | : |
| v. | : 3:14-CV-00717 |
| | : (JUDGE MARIANI) |
| SIMON PROPERTY GROUP, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant's Motion to Transfer (Doc. 5), pursuant to 28 U.S.C. § 1406(a) or, in the alternative, §1404(a), the above-captioned case to the United States District Court for the District of New Jersey. For the reasons set forth below, Defendant's Motion will be denied.

### II. BACKGROUND

The instant action was initiated in the Lackawanna County Court of Common Pleas by Plaintiff Eastern Roofing Systems, Inc. ("Eastern"), Pennsylvania corporation located in Jessup, Pennsylvania, against Simon Property Group, Inc. ("Simon"), a Delaware corporation that owns shopping malls throughout the United States, including in Pennsylvania. (Compl., Doc. 1-1, at ¶¶ 1-2, 4). The dispute arose over a construction contract for Eastern to provide roofing as part of project located at the Ocean County Mall in Toms River, New Jersey. (*See id.* at ¶¶ 5, 9, 11-16). According to Eastern, it performed its

obligations under the contract, but Simon has refused to pay for the work. (*Id.* at ¶¶ 14-15). After Eastern filed suit in state court, Simon removed the matter, based on diversity-of-citizenship jurisdiction, to this Court on April 11, 2014. (Doc. 1 at ¶ 7). On April 18, 2014, Simon filed its Motion to Transfer to the District of New Jersey. (Doc. 5).

### III. ANALYSIS

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." *Id.* "Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Id.*

#### A. 28 U.S.C § 1406(a) – Improper Venue

Section 1406(a) permits a district court to transfer venue when a case is "filed . . . in the wrong division or district[.]" Generally, when federal jurisdiction is predicated upon diversity of citizenship, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). However, when an action is removed from

2

state court, venue is governed by § 1441(a), which "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666, 73 S. Ct. 900, 902, 97 L. Ed. 1331 (1953) (quoting 28 U.S.C. § 1441(a)); *Reassure Am. Life Ins. Co. v. Midwest Res., Ltd.*, 721 F. Supp. 2d 346, 351 (E.D. Pa. 2010); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure* § 3732 (4th ed. 2013) ("*Federal Practice*") ("Accordingly, the general venue statutes, Section 1391 through Section 1393, do not apply to cases that have been initiated in a state court and removed to a federal court. It therefore is immaterial that the federal court to which the action is removed would not have been a proper venue if the action originally had been brought there.")

As a result, "§ 1406(a), by its own terms, only applies to cases that were 'filed' in this Court" and is inapplicable when a case has been removed from state court. *Elan Suisse Ltd. v. Christ*, 2006 WL 3838237, at *2 (E.D. Pa. 2006); *Polizzi*, 345 U.S. at 665 (holding that 28 U.S.C. § 1406(a) and § 1391 had no application to an action that had been removed from state court pursuant to 28 U.S.C. § 1441(a)). Since the instant action was removed from the Lackawanna County Court of Common Pleas, venue here is proper pursuant to § 1441(a). Thus, the Court cannot transfer this case pursuant to § 1406(a).

## B. 28 U.S.C § 1404(a) – Inconvenient Venue

In a case that has been removed from state court, a district court may transfer venue pursuant to § 1404(a). *Reassure Am.*, 721 F. Supp. 2d at 351; *Elan Suisse*, 2006 WL 3838237, at *3. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964)). Although § 1404(a) allows for flexibility, the burden of establishing the need for transfer still rests with the movant, *Jumara*, 55 F.3d at 879, and transfer "is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (internal quotation marks omitted).

In considering a motion to transfer, courts conduct a two-part analysis. *York Grp., Inc. v. Pontone*, 2014 WL 3735157, at *2 (W.D. Pa. 2014). "First, the court must decide whether the district to which the movant seeks to transfer the case has proper jurisdiction and venue, i.e., could the case have been brought in the transferee district in the first instance." *Id.* (quoting *Centimark Corp. v. Jacobsen*, 2011 WL 6000719, at *6 (W.D. Pa.

4

2011). "Second, the court applies a number of public and private factors to determine which forum is most appropriate to consider the case." *Id*.

With regard to the first inquiry, Simon states, "This action could have been filed in the District of New Jersey. Simon is subject to personal jurisdiction and the claims at issue arise there." (Br. in Supp., Doc. 6, at 12). Eastern does not offer any response to Simon's assertion. If anything, Eastern tacitly recognizes that it could have brought the instant action in the District of New Jersey. (*See* Br. in Opp., Doc. 28, at 23 ("Thus, while a 'substantial' portion of the activities might have taken place in the District of New Jersey, as Simon identifies, this does not disqualify the Middle District of Pennsylvania as having proper venue because 'substantial' activities took place in this very district as well[.]")). Accordingly, the Court agrees with Simon that venue would have been proper in the District of New Jersey since that Court is the judicial district wherein "a substantial part of the events or omissions giving rise to [Eastern's] claim occurred, or a substantial part of property that is the subject of the action is situated[.]" *See* 28 U.S.C. § 1391(b)(2).

Next, the Court considers whether transfer is appropriate under § 1404(a). "In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Jumara*, 55 F.3d at

5

879 (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3847 (2d ed. 1987)). "While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Id.* (internal citation omitted).

> The private interests courts consider include:
>
> [The] plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted).

> The public interests include:
>
> [The] enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases[.]

*Id.* at 779-80 (internal citations omitted).

"Mere assertions of inconvenience or hardship are insufficient to justify transfer." *Advanced Fluid Sys., Inc. v. Huber*, 2014 WL 1808652, at *7 (M.D. Pa. 2014) (citing *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 571 (M.D. Pa. 1999); *Kisko v. Penn Cent. Transp. Co.*, 408 F. Supp. 984, 986 (M.D. Pa. 1976)). "To carry its burden, the defendant 'must provide enough information to enable the District Court to balance the parties' interests.'" *Id.*

(quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). Here, neither party provides the Court with enough information to conduct a proper § 1404(a) analysis. The parties devote the majority of their briefs to their arguments under § 1406(a) (*see* Br. in Supp. at 4-12; Br. in Opp. at 7-24) and pay relatively little attention to the convenience factors enumerated above. (Br. in Supp. at 12-15; Br. in Opp. at 24-26). Much of what the parties proffer pursuant to § 1404(a) are mere assertions.

Despite this, two facts are clear: (1) Eastern would prefer venue be maintained in this District and (2) the project site for the roofing agreement is in the District of New Jersey. Although this case presents a close call, because these facts fall on opposite sides of the balance of convenience, "the balance of convenience of the parties is [not] strongly in favor of defendant[.]" *See Shutte*, 431 F.2d at 25. As a result, the Court finds Simon has not met its burden, and "the plaintiff's choice of forum should prevail." *See id.*

The Third Circuit has stated, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted). Even though a plaintiff's venue preference is entitled to less weight when it differs from the "the situs of the relevant events," the "plaintiff's choice of forum . . . is still the most important factor the Court considers.'" *Pontone*, 2014 WL 3735157, at *9 (quoting *Raffel v. Monarch Dental Corp.*, 1999 WL 1212184, at *2 (E.D. Pa. 1999)); *accord Argro v. Marriott Int'l, Inc.*, 2014 WL 2572804, at *2 n. 3 (E.D. Pa. 2014). Therefore, even though the situs of the relevant

events, as Simon asserts, is in New Jersey, this factor alone is insufficient to outweigh Eastern's venue preference for its home forum. Simon has failed to meet its basic burden of demonstrating how litigating in this District would prove inconvenient or how transferring the case would be in the interest of justice.

The only factual support Simon offers regarding alleged inconvenience is the declaration of Peter Lembo ("Lembo"), the general manager of the Ocean County Mall. (Lembo Dec., Doc. 6-3, ¶ 1, 9). Lembo avers, "It would be more convenient to litigate this case in New Jersey, where all relevant documents and records are located, where the Project site is situated and where many of the current and former employee and third-party witnesses are located." (*Id.* at ¶ 9). This general averment does not "'provide enough information to enable [this] Court to balance the parties' interests.'" See *Huber*, 2014 WL 1808652, at *7 (quoting *Piper Aircraft*, 454 U.S. at 258).

First, Simon does not specify what documents and records are located in New Jersey, nor does it explain why such records could not be produced in this District. "The Third Circuit has stated that this factor [the location of books and records] should be limited to the extent that the files could not be produced in the alternative forum." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003) (noting that because "no party has asserted that these relevant records could not be produced in Pennsylvania . . . , the Court will consider this factor neutral.") (citing *Jumara*, 55 F.3d at 879). Further, courts have recognized that "the technological advances of recent years have significantly reduced the

weight of this factor in the balance of convenience analysis." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 200 (E.D. Pa. 2008) (quoting *Lomanno*, 285 F. Supp. 2d at 647). Thus, the Court considers this factor neutral in the balance of convenience analysis.

Second, Simon asserts in its brief that it will be inconvenienced because "[c]ompulsory process for non-party witnesses in Southern New Jersey, including third-party and former employee witnesses, will not be available, for witness residing more than 100 miles from [the Middle] District[.]" (Br. in Supp. at 14). Despite this assertion, Simon does not identify any such witnesses, specify what their potential testimony would cover, or explain why their testimony would be important. *See Manley v. Navmar Applied Sciences Corp.*, 2012 WL 5588757, at *2 (E.D. Pa. 2012) (noting "the movant must 'clearly specify the key witnesses to be called' and identify 'what their testimony will cover,' and explaining if a party has 'merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer [should] be denied'") (quoting *Austin v. Johns-Manville Corp.*, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) (citation omitted)); *Federal Practice*, § 3851 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be

denied."). Accordingly, the Court cannot find that this factor weighs in favor of transfer as the Court cannot adequately gauge whether or which witnesses would be inconvenienced.[1]

Simon also makes passing reference to certain public factors, which it alleges favor transfer. (Br. in Supp. at 14). The Court does not find these factors persuasive here. First, Defendant offers no factual support for its contention that transferring this case would expedite trial or reduce costs. Second, Simon's assertion that New Jersey has a local interest in resolving this dispute is counterbalanced by Pennsylvania's interest in protecting the rights of a Pennsylvania company. *See Pontone*, 2014 WL 3735157, at *15 (collecting cases).

Finally, Simon argues, "a New Jersey court will be more familiar with New Jersey law, which will apply to this contract dispute." (Br. in Supp. at 14). While Defendant may be correct that at least some of Eastern's claims may be governed by New Jersey law, the importance of this factor is reduced since any eventual choice-of-law analysis that either this Court or the New Jersey court will undertake will require a comparison of both New Jersey and Pennsylvania law to determine whether a conflict between the two states' laws exists. *Yocham v. Novartis Pharm. Corp.*, 565 F. Supp. 2d 554, 559-60 (D.N.J. 2008) (citing *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006) (undertaking New Jersey's choice-of-law analysis to determine whether an "actual conflict" exists between the jurisdictions'

---

[1] Moreover, any inconvenience Simon or its witnesses may face is mitigated by the distance between the two Districts. The Middle District of Pennsylvania and the District of New Jersey are adjacent. "We are not faced, for example, with a motion to transfer to the Central District of California." *See Reading Metal Craft Co. v. Hopf Drive Assocs.*, 694 F. Supp. 98, 103 (E.D. Pa. 1988).

10

laws)); *Esurance Ins. Servs., Inc. v. Weber*, 2014 WL 3030881, at *3 (E.D. Pa. 2014) (noting that a Pennsylvania choice-of-law analysis "first requires a determination of whether the laws of the competing states actually differ").

Further, although the "'familiarity of the trial judge with the applicable state law,' *see Jumara*, 55 F.3d at 880, is a consideration that could tip the balance in an otherwise close call," *Yocham*, 565 F. Supp. 2d at 560, the Court does not find this factor is decisive here. "[F]ederal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." *Id.* Transferring this case from Eastern's home forum "in order to spare this Court the trouble of interpreting [New Jersey] law is simply not called for here." *See id.*

Although it bears some resemblance to the case at bar, Simon citation of *Reading Metal*, 694 F. Supp. 98 does not alter the Court's analysis. *Reading Metal* involved a breach of contract action arising out of a construction project in New York State. *Id.* at 99. The plaintiff, a Pennsylvania corporation, originally brought the action in the Berks County Court of Common Pleas. *Id.* After the defendant, a New York joint venture, removed the matter to the Eastern District of Pennsylvania, it sought to transfer the case to Southern District of New York. *Id.* at 99-100. The Court in *Reading Metal* found the location of the project site and the fact that New York law would govern the dispute weighed in favor of transfer. *Id.* at 103-104.

Despite these similarities, *Reading Metal* is distinguishable from this case. In *Reading Metal*, the Court's decision to grant the defendants' motion to transfer was also grounded in factors not found in the present case. The Court there engaged in an extended discussion of how transfer would be in the interest of judicial economy since a related case was pending in the Southern District of New York. *Id.* at 105-07. The Court also noted that it would be easier for the plaintiff to enforce a judgment entered by a New York court. *Id.* at 103. Because neither of these considerations are applicable here, the Court finds that *Reading Metal* is distinguishable. To the extent that *Reading Metal* conflicts with the foregoing analysis, the Court declines to adopt its reasoning and instead grounds the analysis of this case in more recent decisions which have noted that "even when plaintiff's choice of forum differs from 'the situs of the relevant events, it is still the most important factor the Court considers.'" *Pontone*, 2014 WL 3735157, at *9 (quoting *Raffel*, 1999 WL 1212184, at *2); *Argro*, 2014 WL 2572804, at *2 n. 3.

In sum, Simon has not met its "heavy burden" of demonstrating that transfer would be appropriate under 28 U.S.C. § 1404(a). *See Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750-51 (D. Del. 2012) ("[T]he burden rests squarely on the party seeking a transfer to establish that a balancing of proper interests weighs in favor of the transfer. That burden is a heavy one: unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.") (quoting

*Jumara*, 55 F.3d at 879; *Shutte*, 431 F.2d at 25) (internal quotation marks and citations omitted, emphasis in *Intellectual Ventures*).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer (Doc. 5) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge